Request of Governor and Council,
No. 4979.

OPINION OF THE JUSTICES.

Submitted August 10, 1961.

Answer returned August 30, 1961.

The following resolution adopted by the Governor and Council on July 28, 1961, was filed in this court on August 2, 1961:

"WHEREAS, a written assignment of the wages of an employee of the Department of Public Works and Highways has been presented to the State Treasurer; and

"WHEREAS, the Governor and Executive Council are required by law to issue warrants for the payment of money from the State Treasury and presently have before them and under consideration a warrant which relates to the disposition of earnings of said employee of the Department of Public Works and Highways; and

"WHEREAS, the efficiency of the office of the State Treasurer is likely to be impaired if the State is compelled to honor assignments of the wages of state employees; and

"WHEREAS, the Governor and Council are uncertain as to whether the State is required to honor wage assignments made by its employees, now therefore be it

"RESOLVED, by the Governor and Executive Council, that the opinion of the Supreme Court be requested on the following important questions of law:

"(1)  Is the State of New Hampshire bound to honor assignments of the wages of state employees and officials?

"(2)  If the answer to the previous question is in the negative do the Governor and Council have authority in their discretion to honor such wage assignments?"

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following answers to the questions contained in your resolution of July 28, 1961, relating to the assignability of wages of state employees and officials.  The first question is whether the State is " . . . bound to honor assignments of the wages of state employees and officials?"  It is understood that this question relates to the future or unearned wages or salaries of state employees and officials. *Lamoureux* v. *Morin,* 72 N. H. 76.

The power of the State Legislature to enact legislation regulating and restricting the assignment of wages of state employees and

officials is not open to doubt. *Mutual Loan Co.* v. *Martell,* 222 U. S. 225; Rhyne, Municipal Law, *s.* 8-23 (1957); 4 McQuillin, Municipal Corporations (3d *ed.* 1949) *s.* 12.192. There is no legislation which covers specifically the assignment of wages of state employees and officials (3 Williston, Contracts (3d *ed.* 1960) *s.* 417), although it is required generally that any assignment of future wages must be in writing, accepted and recorded, in order to be valid against creditors. RSA 506:3; *Berlin Mills Co.* v. *Poole,* 62 N. H. 439. The salaries and wages of state officials and employees are subject to garnishment or trustee process (RSA 512:9; *Klinger* v. *Cartier,* 96 N. H. 180) but this statute has not been expanded to permit the assignment of wages to be honored. Analogous, but not controlling, statutes prohibit the assignment of retirement benefits of firemen (RSA 102:23), policemen (RSA 103:18), state employees (RSA 100:16) and of teachers (RSA 192:15). Likewise there is a statutory prohibition against the assignment of benefits of public assistance (RSA 167:25) and workmen's compensation claims (RSA 281:5, 6 (supp), 45).

It is significant that Article 9 of the Uniform Commercial Code, effective July 1, 1961, which provides for a high degree of assignability, specifically states that it does not apply "(d) to a transfer of a claim for wages, salary or other compensation of an employee." RSA 382-A:9-104(d) which appears in the new volume 3-A of the New Hampshire Revised Statutes Annotated 1961 at page 491. Comment 4 to this section reads as follows (page 492): "In many states assignments of wage claims and the like are regulated by statute. Such assignments present important social problems whose solution should be a matter of local regulation. Paragraph (d) therefore excludes them from this Article." It is thus apparent that there is no statutory regulation governing the assignment of wages of state employees and officials, although assignment of analogous payments by the State is prohibited.

Several jurisdictions have denied a public officer or employee the right to assign his future wages on the ground that it was contrary to public policy. 3 Williston, Contracts (3d *ed.* 1960), *s.* 417, *pp.* 84-87; Restatement, Contracts, *s.* 547(1)(a) *comment* c. It is preferable, however, to have this public policy studied and determined by the Legislature rather than judicially pronounced in an opinion which may lack the detailed information and empirical knowledge necessary to make such a pronouncement with confidence and certainty. In his customary perceptive way Professor Corbin

has summarized the situation in the following language: "It may be that wage assignments should be regulated, partly for the protection of poor debtors and partly for the protection of employers. The classification on which such statutes are based requires the most careful consideration and the painstaking collection of relevant facts before adopting a statutory policy. There is no doubt that for many purposes wage transactions should be treated differently from the transactions of commerce." 4 Corbin, Contracts, s. 873, p. 490 (1951). See also, Act, Recommendation and Study relating to Assignment of Wages in New York Law Revision Commission Report (1948) pp. 123-233 and 1950 Report, pp. 25-47.

Consequently we hold since the assignment of wages of a state official or employee is not authorized by any existing legislation, the State is not bound to honor assignments of the wages of state employees or officials. Cf. RSA 100:11a (supp); Laws 1959, c. 84. The answer to your first question is no.

The second question is whether the Governor and Council have authority in their discretion to honor such wage assignments. Such authority has not been conferred by statute and the answer to this question is likewise no. However, it should be pointed out that this does not prohibit payroll deductions authorized by both the state employees and the Governor and Council in certain specific instances where all of the money deducted is paid by one check to one corporation or organization. Examples are payroll deductions for State Employees Association dues, group hospital and medical insurance payments, credit union payments and other similar payroll deductions. See State ex rel Leach v. Price, 168 Ohio St. 499.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

August 30, 1961.

Gardner C. Turner, Attorney General and Elmer T. Bourque, Assistant Attorney General, furnished a memorandum in favor of negative answers.